**LAMBETH v. UNITED STATES.**

Civ. No. 3987.

United States District Court
D. Oregon.
April 27, 1948.

Arthur S. Vosburg and William H. Hedlund, both of Portland, Or., for plaintiff.

Henry L. Hess, U. S. Atty., and Floyd D. Hamilton, Asst. U. S. Atty., both of Portland, Or., for defendant.

McCOLLOCH, District Judge.

## Findings of Fact

### I.

That this action was brought and this court has jurisdiction under Section 24(20) of the Judicial Code of the United States, Title 28, Section 41(20) [now § 1346], U.S.C.A., to recover moneys illegally, excessively and erroneously assessed as cabaret taxes and collected from plaintiff by defendant.

### II.

That at all times mentioned herein the plaintiff was and now is a citizen and inhabitant of the State of Oregon, residing at 7322 S. W. Canyon Drive, Washington County, Oregon.

### III.

That during the period from May 1, 1943 to and including September 18, 1944, James W. Maloney was the duly appointed and acting Collector of Internal Revenue for the State of Oregon; that subsequent to the 18th day of September 1944 and prior to the time of the filing of the complaint herein, James W. Maloney ceased to be the Collector of Internal Revenue for Oregon.

### IV.

That on or about the 7th day of September, 1944 the Commissioner of Internal Revenue of the United States made a jeopardy assessment against plaintiff and demanded of plaintiff the sum of Six Thousand Nine Hundred Seventeen and 91/100 ($6,917.91) Dollars on account of cabaret admission taxes and accrued interest thereon claimed to be due defendant and assessed by said Commissioner of Internal Revenue of the United State against the plaintiff for the period commencing May 1, 1943 and ending July 31, 1944.

### V.

That plaintiff paid to defendant under protest said sum of Six Thousand Nine Hundred Seventeen and 91/100 ($6,917.91) Dollars, being the amount of said assessment, on the 18th day of September, 1944; that on the 28th day of September, 1944, plaintiff filed a claim for refund of taxes sought to be recovered herein, together with interest thereon as provided by the Internal Revenue Code and the regulations promulgated thereunder; that said claim for refund filed by the plaintiff was rejected by the Commissioner of Internal Revenue by registered letter mailed to plaintiff on February 11, 1946.

### VI.

That during all times for which the assessment was made by defendant against the plaintiff the plaintiff was not operating a roof garden, cabaret, or other similar place furnishing a public performance for profit; that at said time plaintiff was managing The Cozy Club, a private club organized under the laws of the State of Oregon as a non-profit corporation; that said The Cozy Club and the operations conducted by plaintiff were not open to the public and admission to the club room premises was open only to members of The Cozy Club and their guests; that admission to The Cozy Club premises was refused to persons other than members of The Cozy Club and their guests, and said premises were operated as a private and not a public establishment.

And the court concludes:

## Conclusions of Law

### I.

That this court has jurisdiction of the controversy herein.

### II.

That during all times for which the assessment was made by defendant against the plaintiff the plaintiff was not operating a roof garden, cabaret, or other similar place furnishing a public performance for profit, and that the imposition of the tax against the plaintiff in the sum of Six Thousand Nine Hundred Seventeen and 91/100 ($6,917.91) Dollars was not within the purview of the provisions of the Revenue Act pertaining to cabaret taxes and the regulations promulgated thereunder.

### III.

That the assessment and collection of cabaret taxes and interest thereon in the sum of Six Thousand Nine Hundred Seventeen and 91/100 ($6,917.91) Dollars was illegal and erroneous and not authorized by the Internal Revenue Laws of the United States.

### IV.

That plaintiff is entitled to judgment against defendant in the sum of Six Thousand Nine Hundred Seventeen and 91/100 ($6,917.91) Dollars, together with interest thereon at the rate of six per cent (6%) per annum from the 18th day of September, 1944, together with her costs and disbursements incurred herein.